# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LAWRENCE LANDRUM,

    Petitioner,  :  Case No. 1:96 CV 641

 - vs -         District Judge Thomas M. Rose
            Magistrate Judge Michael R. Merz

CARL S. ANDERSON, Warden,

    Respondent. :

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

    This case is before the Court on Petitioner's Motion for a Certificate of Appealability (Doc. No. 227). The Motion was filed electronically and thereby served on October 17, 2006. Under S. D. Ohio Civ. R. 7.2, Respondent was allowed until November 13, 2006, to oppose the Motion, but has not done so.

    A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>   (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to

making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473 at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

Petitioner seeks a certificate of appealability on the following eight issues:

> 1. Trial counsels' deficient performance in the trial phase

      prejudiced Landrum.

2.  The trial court erred when it did not order the prosecution to grant Swackhammer immunity.

3.  The district court erred when it denied Petitioner's motion to supplement the record with the affidavit of reconstruction expert, Wayne Hill.

4.  The trial court erred in the sentencing phase when it excluded, testimony that detailed Landrum's role in the offense.

5.  The Ohio Supreme Court erred when it "reweighed" testimony which was never adduced and the jury never heard.

6.  The trial court erred when it denied counsels' repeated requests for a continuance.

7.  Defense counsel performed deficiently in the mitigation phase to the prejudice of Landrum.

8.  Lawrence Landrum did not receive the benefit of a reasonably competent expert in the mitigation phase.

(Motion, Doc. No. 227, *passim.*)

  Petitioner pled forty Grounds for Relief which were analyzed in the Magistrate Judge's Report and Recommendations. All were rejected by this Court except the claim that Randy Coffenberger's testimony should have been admitted during the guilt phase of the case. However, Petitioner only seeks to appeal on the eight issues raised in the instant Motion. To grant the Motion as filed would, therefore, not be to grant a "blanket" certificate.

  Conversely, Respondent has not opposed the Motion as filed. Given our adversarial system of justice, it is appropriate to read that lack of opposition as a concession that a certificate on these eight issues would be appropriate in that they are debatable among reasonable jurists. Petitioner's Motion is a detailed 30-page argument about why these eight claims fit the standard for certificate of appealability. Under S. D. Ohio Civ. R. 7.2(a), "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion [with exceptions not relevant here]." The Court is

very reluctant to *sua sponte* prevent appeal of an issue in a capital case where appealability has not been opposed by the State.

Because the requested certificate of appealability is not a "blanket" certificate, but is supported by extended cogent argument and not opposed, it should be granted as requested.

November 17, 2006.

>                           s/ Michael R. Merz
>                      Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).