# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAWRENCE LANDRUM,

            Petitioner,  :            Case No. 1:96 CV 641

 - vs -                                    District Judge Thomas M. Rose
                                              Magistrate Judge Michael R. Merz

CARL S. ANDERSON, Warden,

            Respondent.  :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Civ. R. 60(b)(Doc. No. 235). The Warden has opposed the Motion (Doc. No. 238) and Petitioner has filed a Reply in support (Doc. No. 239). Post-judgment motions such as those under Fed. R. Civ. P. 60(b) are deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a report and recommendations.

### Procedural History

Among other claims of ineffective assistance of trial counsel, Petitioner Lawrence Landrum asserted his trial attorney should have sought admission of testimony from Rameal Coffenberger that co-perpetrator Grant Swackhammer admitted to being the principal offender (hereinafter the "Coffenberger Claim"). The District Court found this claim meritorious and

granted a conditional writ requiring that Landrum be released unless he was retried and again convicted. *Landrum v. Anderson*, 2006 U.S. Dist. LEXIS 27510 (Apr. 17, 2006).

The Court of Appeals reversed. *Landrum v. Mitchell,* 625 F.3d 905 (6th Cir. 2010). It found that this claim was procedurally defaulted on two bases. To the extent the claim should havebeen raised on direct appeal under Ohio law, appellate counsel's failure to do so might have been ineffective assistance of appellate counsel, but the ineffective assistance of appellate counsel claim was itself procedurally defaulted by failure to timely file an application to reopen the direct appeal under Ohio R. App. P. 26(B), a so-called *Murnahan* proceeding.[1] *Id*. at 916-918. To the extent the claim could have been raised in post-conviction, it was procedurally defaulted by post-conviction counsels' failure to do so properly. *Id*. at 918-919. Ineffective assistance of post-conviction counsel could not excuse that default "because there is no constitutional right to an attorney in post-conviction proceedings." *Id*. at 919, *citing Coleman v. Thompson*, 501 U.S. 722, 752-53 and *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The United States Supreme Court denied certiorari in October, 2011. *Landrum v. Mitchell*, 132 S. Ct. 127, 181 L. Ed. 2d 49 (2011).

## The Decision in *Martinez v. Ryan*

Landrum now seeks to have the judgment reopened, not to correct any error this Court made, but because of an intervening change in the law the Sixth Circuit applied. That change was wrought by *Martinez v. Ryan,* 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed 2d 272 (2012), decided March 12, 2012, five months after certiorari was denied in this case.

---

[1] Ohio R. App. P. 26(B) as amended effective July 1, 1993, was drafted by the Ohio Supreme Court rules Advisory Committee at the express direction of the Ohio Supreme Court in *State v. Murnahan*, 63 Ohio St. 3d 60, 584 N.E. 2d 1204 (1992), which held that claims of ineffective assistance of appellate counsel must be raised in the courts of appeals rather than in trial court post-conviction proceedings under Ohio Revised Code § 2953.21.

In *Coleman v. Thompson,* 501 U.S. 722 (1991), the Supreme Court had held that an attorney's ignorance or inadvertence in a postconviction proceeding did not qualify as cause to excuse a procedural default. *Coleman* remained the law for twenty years and the District Court in *Martinez* and the Ninth Circuit on appeal in that case applied *Coleman* to bar consideration of an ineffective assistance of trial counsel claim which had been procedurally defaulted by failure to raise the claim in the first proceeding where it could have been raised. The Supreme Court reversed, holding:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

132 S. Ct. at 1315. The Court noted that Arizona "does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings." *Id*. at 1313. As the Court noted, citing *Massaro v. United States*, 538 U.S. 500 (2003), Arizona parallels the federal system in this regard: federal court claims of ineffective assistance of trial counsel cannot be raised on direct appeal even if they depend on the record; they must be raised by motion to vacate under 28 U. S.C. § 2255. Because a collateral petition was the only proceeding in which an ineffective assistance of trial counsel claim could be raised in Arizona, the Supreme Court thought it should be made more like the situation where a claim of ineffective assistance of trial counsel can be raised on direct appeal, where a defendant is constitutionally guaranteed the effective assistance

3

of counsel, so that a defective representation on direct appeal can provide excusing cause. See discussion, *Martinez*, 132 S. Ct. at 1317.

The precise holding in *Martinez* is

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

*Id*. at 1318-1319. The Court emphasized the narrowness of the new rule. "*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial." *Id*. at 1319. "The rule of *Coleman* governs in all but the limited circumstances recognized here." *Id*. at 1320. The Sixth Circuit relied on *Coleman* to find that ineffective assistance of Landrum's post-conviction counsel could not excuse his procedural default in those proceedings. *Landrum*, 625 F.3d at 919.

The Supreme Court did not grant habeas relief in *Martinez*, but remanded for decision of (1) "whether Martinez's attorney in his first collateral proceeding was ineffective," (2) "whether his claim of ineffective assistance of trial counsel is substantial," and (3) "the question of prejudice." *Id*. at 1321. Those same considerations must be applied here.

## Analysis

To prevail on his instant Motion, Petitioner must show:

1. That Ohio is sufficiently like Arizona in its treatment of ineffective assistance of trial counsel claims to make *Martinez* applicable at all;

2. That failure to present on initial postconviction review the ineffective assistance of trial counsel claim accepted by this Court but rejected by the Court of Appeals itself meets the standard of *Strickland v. Washington, supra*, i.e., that it was unreasonably deficient performance and prejudiced the Petitioner;

3. That the ineffective assistance of trial counsel claim is "substantial" or "has some merit"; and

4. That the Motion otherwise meets the requirements of Fed. R. Civ. P. 60(b)(6).

## 1. Comparing the Ohio and Arizona Procedures for Raising Ineffective Assistance of Trial Counsel Claims

In *Martinez* the Supreme Court noted that Arizona requires ineffective assistance of trial counsel claims to be raised in collateral proceedings. Ohio law is more complex, as described by the Sixth Circuit in *Williams v. Anderson*, 460 F.3d 789, 799 (6th Cir. 2006):

> Ohio law requires criminal defendants to bring ineffective assistance of counsel claims on direct review if the defendant has new counsel on appeal, and the trial court record contains sufficient evidence to support the claim. *State v. Cole,* 2 Ohio St. 3d 112, 443 N.E.2d 169, 171 (1982). Where the trial court record does not contain sufficient evidence to support the claim, however,

5

> the defendant must instead bring the claim in post-conviction proceedings. *See State v. Cooperrider,* 4 Ohio St. 3d 226, 4 Ohio B. 580, 448 N.E.2d 452, 454 (Ohio 1983). Unlike on direct review, in post-conviction proceedings a petitioner may introduce evidence outside the trial court record to support the claim. *See id.* If a defendant chooses to bring an ineffective assistance of counsel claim on direct review, however, Ohio's "res judicata" rule precludes the defendant from re-raising the claim in post-conviction proceedings. *Id.*
>
> In the instant case, Petitioner chose to bring his ineffective assistance of counsel claim on direct review, thereby foregoing the opportunity to present evidence outside the trial court record to support his claim. Ohio has finality and judicial economy interests in enforcing its prohibition on re-litigation of ineffective assistance of counsel claims in post-conviction proceedings. *State v. Saxon*, 846 N.E.2d 824, 109 Ohio St. 3d 176, 2006 WL 759668, at *5 (2006). Thus, normally, we would respect the Ohio court's decision to enforce "res judicata" and decline to consider a petitioner's evidence where the petitioner chose to raise his or her ineffective assistance of counsel claim on direct review. *Cf. Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (stating that procedurally defaulted claims are not reviewed for comity and federalism reasons).

460 F.3d at 799.

Landrum relies on an exception to the Ohio direct review requirement for defendants represented on appeal by the same attorney as at trial. His trial attorney, Thomas Phillips, continued to represent him in both the Ross County Court of Appeals and in the Ohio Supreme Court (Motion, Doc. No. 235, PageID 1091, citing record proof of that fact). In *State v. Lentz*, 70 Ohio St. 3d 527 (1994), the Ohio Supreme Court made explicit what had been implicit in *State v. Cole*, 2 Ohio St. 3d 112 (1982): Ohio's criminal *res judicata* doctrine, announced in *State v. Perry*, 10 Ohio St. 2d 175 (1967), does not bar raising an ineffective assistance of trial counsel claim in post-conviction, even if it could have been raised on direct appeal, when trial and appellate counsel are the same. *Lentz*, 70 Ohio St. 3d at 530.

The Warden recognizes this as current Ohio law, but argues that it does not save Landrum's claim. Because he had an opportunity to raise the claim on direct appeal, the Warden asserts, he was not required to raise it in a collateral proceeding (Memo in Opp., Doc. No. 238, PageID 1123). The Warden argues this takes Landrum's case outside the holding in *Martinez*.

The Magistrate Judge agrees that the holding in *Martinez* does not reach quite to this case, but the rationale certainly does. The Supreme Court in *Martinez* was very concerned that a criminal defendant have effective assistance in raising serious ineffective assistance of trial counsel claims. When the same attorney has the case on appeal as at trial, he or she cannot reasonably be expected to assert his own inadequacy or incompetence. *State v. Carter,* 36 Ohio Misc. 170 (Mont. Cty. C.P. 1973)(Rice, J., now of this Court). Under those circumstances, Ohio law practically requires the claim be made in post-conviction, although it does not do so by statute or Supreme Court rule. This Court reads *Martinez* as reaching a case such as this one where an ineffective assistance of trial counsel claim had to be raised in post-conviction because the same attorney represented the petitioner at trial and on appeal.

Landrum faced another procedural default ruling in the Sixth Circuit. As noted, his direct appeal counsel did not raise the Coffenberger Claim. The only way to raise a claim that it was ineffective assistance of appellate counsel not to include the Coffenberger Claim on direct appeal was to file an application to reopen the direct appeal under Ohio R. App. P. 26(B). As the Sixth Circuit recognized, ineffective assistance of appellate counsel can excuse failure to raise an ineffective assistance of trial counsel claim, but only if the ineffective assistance of appellate counsel claim is itself not defaulted. *Landrum*, 625 F. 3d at 916, *citing Edwards v. Carpenter*, 529 U.S. 446 (2000). But the Sixth Circuit found this ineffective assistance of appellate counsel claim was itself defaulted by missing the filing deadline for such motions by about five years.

7

*Id.* at 916-917. It also found the timeliness rule was an adequate and independent state ground of decision. *Id.*

Landrum now asserts that the ineffectiveness of counsel in not filing a timely Rule 26(B) application can be excusing cause under *Martinez* (Motion, Doc. No. 235, PageID 1096-1099). This Court disagrees. Justice Kennedy makes it clear that the *Martinez* exception to *Coleman* is limited to claims of ineffective assistance at trial. He notes the distinction between initial-review collateral proceedings and other collateral proceedings and notes that the exception is carved from *Coleman* only for the former. 132 S. Ct. at 1316. In discussing possible *stare decisis* objections to *Martinez*, Justice Kennedy wrote:

> *Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true **except** as to initial-review collateral proceedings **for claims of ineffective assistance of counsel at trial.** *Coleman* itself did not involve an occasion when an attorney erred in an initial-review collateral proceeding with respect to a claim of ineffective trial counsel; and in the 20 years since *Coleman* was decided, we have not held *Coleman* applies in circumstances like this one.

132 S. Ct. at 1319 (emphasis added). Finally, at the end of his opinion, he stated:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. 1320.

Ineffective assistance by 26(B) counsel does not come within *Martinez* because 26(B) applications can raise only ineffective assistance of appellate counsel claims, not ineffective assistance of trial counsel claims. Including an ineffective assistance of trial counsel claim as an

underlying claim to a claim of ineffective assistance of appellate counsel does not preserve the underlying claim for habeas merit review. *Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

Landrum relies on *Williams v. Alabama*, No. 1:07-cv-1276, 2012 U.S. Dist. LEXIS 51850 (N.D. Ala. Apr. 12, 2012), which read *Martinez* broadly enough to encompass all ineffective assistance of counsel claims, rather than just trial counsel. In support of that reading, Landrum cites Justice Scalia's dissent in *Martinez*. Whatever the logic of that position, it did not command a majority of the Supreme Court, which limited its holding to ineffective assistance of trial counsel claims.

**2. Was it Ineffective Assistance of Post-Conviction Counsel to fail to Include the Coffenberger Claim in the Petition for Post-Conviction Relief?**

To succeed on his Motion, Landrum must also show that failure to present the Coffenberger Claim on initial postconviction review itself meets the standard of *Strickland v. Washington, supra*, i.e., that it was unreasonably deficient performance and prejudiced the Petitioner.

The Supreme Court in *Martinez* did little to adumbrate a standard for ineffective assistance of post-conviction counsel beyond saying *Strickland v. Washington,* 466 U.S. 668 (1984), would provide the governing standard. *Martinez*, 132 S. Ct. at 1318. Ineffective assistance of appellate counsel claims are also governed by *Strickland*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). However, the tasks to be performed and the possibilities of prejudice are quite different on appeal than at trial, so the *Strickland* standard is applied to different conduct and decisions when ineffective assistance of

appellate counsel claims are being considered. See, e.g., *Mapes v. Coyle*, 171 F.3d 408 (6th Cir. 1999).

Rather than attempting to create a detailed general standard in this first case the Court has confronted in applying this branch of *Martinez*, it is more appropriate to proceed in common law fashion to consider just the conduct exhibited here. Landrum provides no assistance on this question, as his Motion argues only the ineffective assistance of *Murnahan* counsel claim (Motion, Doc. No. 235, PageID 1099-1100).

As a reminder, the governing standard for ineffective assistance of counsel in *Strickland* is

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

In this case, the procedural default in post-conviction which the state courts enforced against Landrum and to which the Sixth Circuit deferred was failure to include the Coffenberger Claim in the post-conviction petition itself, although it was included in an attached affidavit:

> Although Landrum did raise an ineffective assistance of trial counsel claim in his post-conviction petition, he did not include the allegation about introducing Coffenberger's testimony in the guilt phase. In this court, Landrum argues that his general allegation of ineffective assistance of counsel, along with affidavits from his trial counsel and another attorney that were attached to his post-conviction petition, sufficed to have presented the claim to the post-conviction trial court. Landrum's trial counsel's affidavit recited that additional time was needed to develop background information regarding Swackhammer's relative culpability. In the other affidavit, an attorney not involved in the trial opined that Landrum's trial counsel was deficient for failing to present Coffenberger's testimony in the trial phase. Reference to Coffenberger in Landrum's post-conviction petition itself can only be fairly read as a reference to the penalty phase of the trial, not the guilt phase. The affidavits on which Landrum relies did not present the factual basis for the ineffective assistance claim raised here because no corresponding claim was made in the state post-conviction petition and, thus, the state court would have had to read beyond the petition to discover it. See *Baldwin [v. Reese]*, 541 U.S. at 32; *Pillette [v. Foltz]*, 824 F.2d at 497-98.

*Landrum*, 625 F.3d at 918-919.

In other words, post-conviction counsel recognized the Coffenberger Claim and presented it twice in affidavits attached to the post-conviction petition, but did not actually plead the claim in the body of the petition. This Court finds that to be deficient performance. That it was prejudicial can be inferred from the fact that this Court found the Coffenberger Claim meritorious but the Sixth Circuit declined to reach the merits because of this procedural default.

3.  **The Coffenberger Claim is Substantial**

The third branch of the *Martinez* test requires that the ineffective assistance of trial counsel claim be "substantial" or have "some merit."

11

In the Report and Recommendations, the Magistrate Judge found the Coffenberger Claim sufficiently meritorious as to warrant a conditional writ (Report and Recommendations, Doc. No. 205). In particular, I concluded "Trial counsel had in Coffenberger's testimony an admission of principal offender status by an admitted co-perpetrator which admission, if believed by the jury, would have prevented imposition of a death sentence." *Id.* at PageID 641.

The Sixth Circuit found this was error. It noted "The district court was incorrect in believing that Landum could not receive the death penalty if a jury believed Swackhammer's admission that he slit White's throat." *Landrum*, 625 F.3d at 915, n. 3. It continued:

> Moreover, Ohio does not require a defendant to be the principal offender to receive a death specification. See *Ohio v. Herring*, 94 Ohio St. 3d 246, 2002 Ohio 796, 762 N.E. 2d 940, 949-50 (Ohio 2002).

*Id.* at 919. Finally it held:

> Even if the jury believed that Landrum did not personally slit the victim's throat, Landrum would still likely have been convicted of aggravated murder and aggravated burglary, either as an aider and abettor or based on the felony-murder rule. See Ohio Rev. Code. §§ 2923.03, 2903.01(B). The district court was simply incorrect in its observation that Swackhammer's admission, if believed, would have prevented Landrum from being sentenced to death.

*Id.* at 919, n. 4.

In *State v. Herring, supra,* the jury found the defendant guilty of the capital specification in Ohio Revised Code § 2929.04(A)(5) which provides in pertinent part that "the offense at bar was part of a course of conduct involving the purposeful killing or attempt to kill two or more persons by the offender." Justice Pfeiffer, principal sponsor of Ohio's current death penalty statute, wrote the majority opinion in *Herring*. He wrote:

> In his third proposition of law, Herring argues that the term "offender" in the (A)(5) multiple-murder specification means the

12

> principal offender--i.e., the actual killer. He argues that since the jury did not find him to be the actual killer in any of the three murders, he cannot be guilty of this specification.
>
> We reject this contention. As he must, Herring concedes that R.C. 2929.04(A)(5) contains neither an express requirement of prior calculation and design nor an express requirement that the offender be the actual killer. R.C. 2929.04(A)(5) uses the unadorned term "offender," rather than "principal offender." Nor does the term "prior calculation and design" appear therein.
>
> Nevertheless, Herring attempts to read a principal-offender requirement into our precedents. He cites *State v. Smith* (1997), 80 Ohio St. 3d 89, 117, 684 N.E.2d 668, 693, and *State v. Sneed* (1992), 63 Ohio St. 3d 3, 10-11, 584 N.E.2d 1160, 1168, fn. 3, as supporting his claim. These cases do not support Herring's argument. Smith holds that the Eighth Amendment permits a state to sentence to death one who aids and abets a killing with prior calculation and design. It does not hold, or even suggest, that prior calculation and design is necessary to convict an aider and abettor of the (A)(5) specification. *Sneed* involved the felony-murder specification of R.C. 2929.04(A)(7), not the (A)(5) multiple-murder specification. Unlike the (A)(5) specification, R.C. 2929.04(A)(7) specifically requires that "either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design."
>
> Herring's third proposition of law is overruled.

94 Ohio St. 3d at 252. There were three deceased victims in *Herring*, but only one in Landrum's case, Robert White. In *Herring* the Ohio Supreme Court distinguished the Ohio Revised Code § 2929.04(A)(5) death specification from that in Ohio Revised Code § 2929.04(A)(7), the felony murder death specification, where there must be a jury finding that the defendant is the principal offender or acted with prior calculation and design. Landrum was charged under both the (A)(3) specification ("purpose of escaping detection") and also the (A)(7) section and was convicted of both, so that he could have been sentenced to death on either conviction.

Thus *Herring* is inapposite because it interprets only the multiple victim specification. However, Landrum was convicted of the Ohio Revised Code § 2929.04(A)(3) specification as well as the (A)(7) specification; a principal offender finding is necessary for the latter but not for the former.

Even if the Sixth Circuit was incorrect in its conclusion that a principal offender finding was not necessary for the (A)(7) conviction, its conclusion to the contrary is the law of the case. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 643, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "While the 'law of the case' doctrine is not an inexorable command, a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), *quoted approvingly in Association of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271, 1995 U.S. App. LEXIS 7615, *12 (for full text) (6th Cir. 1995). The purpose of the doctrine is twofold: (1) to prevent the continued litigation of settled

issues; and (2) to assure compliance by inferior courts with the decisions of superior courts. *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990), *citing* Moore's Federal Practice.

If Coffenberger's testimony had been heard by the jury during the guilt phase, there is a reasonable probability that at least one juror would have concluded Landrum was not the principal offender and therefore he could not have been convicted on the (A)(7) specification. However, there was sufficient evidence to support a conviction on the (A)(3) specification. The Court concludes that the Coffenberger Claim is substantial, but not determinative.

### 4. Does the Motion Otherwise Meet the Requirements of Fed. R. Civ. P. 60(b)(6)?

Relief should be granted under Fed. R. Civ. P. 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp*., 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Dellatifa*, supra; *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). A change in decisional law is usually not, by itself, an extraordinary circumstance. *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Subsection (b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (internal quotation marks omitted).

Landrum argues that the following extraordinary circumstances exist in this case. First, it is a death penalty case (Motion, Doc. No. 235, PageID 1106). Second, the "change in law in *Martinez* precisely addresses the default issues that the Sixth Circuit found barred it from reaching the merits of the Coffenberger issue" *Id.* "Third, Landrum's *Martinez* cause and prejudice claim is strong" because without relief from judgment his ineffective assistance of trial counsel claim will never have been heard on the merits by any court. *Id.* at 1107.

*Stokes v. Williams*, 475 F.3d 732 (6th Cir. 2007), cited by Landrum, is a habeas case in which the petition had been dismissed as untimely under circuit law as it existed before *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003). The petition would have been timely under *Abela* and the petitioner sought relief from judgment under Fed. R. Civ. P. 60(b)(6). Affirming denial of relief from judgment and summarizing the standard under Fed. R. Civ. P. 60(b)(6), the Sixth Circuit wrote:

> As recognized by the district judge in this case, in evaluating claims for relief pursuant to Rule 60(b)(6), federal courts have consistently held "that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co.,* 249 F.3d at 524. See also Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2650, 162 L. Ed. 2d 480 (2005); *Agostini v. Felton*, 521 U.S. 203, 239, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997); *Overbee*, 765 F.2d at 580. The respondent in this case in fact cites this line of decisions in opposing Stokes's claim for relief based upon the en banc *Abela* ruling. Especially prominent in his appellate argument is his reliance upon *Gonzalez*, a case in which the United States Supreme Court ruled that a change in the way the applicable habeas corpus statute-of-limitations period could be tolled did not resurrect a habeas petition that had been dismissed as untimely in accordance with earlier precedent. As stated by the Court, "The District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Gonzalez*, 125 S. Ct. at 2650.

475 F.3d at 735-736. The *Stokes* court particularly noted that a change in decisional law is less supportive of 60(b)(6) relief when the judgment has become final, as has the judgment in this case with issuance of the mandate. *Id.* at 736. Although *Stokes* was not a capital case, the petitioner was serving a life sentence for rape. The effect of denying 60(b)(6) relief was that the petitioner never got federal court consideration of any of his habeas corpus claims, not just the one claim asserted here. The *Stokes* court quoted with approval the test under 60(b)(6) enunciated in *Blue Diamond Coal Co., supra*: "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" 249 F.3d at 529 (*quoting Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984)).

Although this is a death penalty case, that fact cuts both ways with respect to the instant Motion. This case has been thoroughly considered by the Ohio and federal courts. It is always in the interest of a death row inmate to seek further review because further review delays execution of sentence. In his typically trenchant fashion, Justice Scalia spelled out the likely dynamics in his dissent in *Martinez*:

> Whether counsel appointed for state collateral review raises the ineffective-assistance-of-trial-counsel claim or not, federal habeas review will proceed. In practical effect, that may not make much difference in noncapital cases (except for the squandering of state taxpayers' money): The defendant will stay in prison, continuing to serve his sentence, while federal habeas review grinds on. But in capital cases, it will effectively reduce the sentence, giving the defendant as many more years to live, beyond the lives of the innocent victims whose life he snuffed out, as the process of federal habeas may consume. I guarantee that an assertion of ineffective assistance of trial counsel will be made in all capital cases from this date on, causing (because of today's holding) execution of the sentence to be deferred until either that claim, or

> the claim that appointed counsel was ineffective in failing to make
> that claim, has worked its way through the federal system.

132 S. Ct. at 1323-1324. Thus the fact that this is a death penalty case does not weigh unequivocally in favor of reopening the judgment.

Second, contrary to Landrum's assertion, the change in law in *Martinez* does not "precisely address[ ] the issue with Landrum's IAC claim." (Motion, Doc. No. 235, PageID 1106.) As pointed out at length above, Ohio is not a State like Arizona in which all claims of ineffective assistance of trial counsel must be brought in post-conviction. In fact, the "fit" of the change of law with a habeas petitioner's claims was much closer in *Stokes, supra*, and in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), but relief under Fed. R. Civ. P. 60(b)(6) was denied in both of those cases.

Third, however, Landrum's *Martinez* claim is strong. It was on the basis of *Coleman, supra*, that the Sixth Circuit denied the writ when this Court had granted it. Had *Martinez* been the law at the time the Sixth Circuit decided the case, the ineffective assistance of post-conviction counsel in not pleading the Coffenberger Claim in the body of the Ohio Revised Code § 2953.21 petition would have been available as excusing cause.

## Conclusion

Having weighed the factors required under Fed. R. Civ. P. 60(b)(6), the Magistrate Judge concludes the Motion should be granted. This Court can then reconsider the Coffenberger Claim

in light of the Sixth Circuit's decision. This will allow the Sixth Circuit on appeal to reconsider its decision in light of *Martinez*.

August 22, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).