# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAWRENCE LANDRUM,

        Petitioner,   :   Case No. 1:96-cv-641

  - vs -                                    District Judge Thomas M. Rose
                                             Magistrate Judge Michael R. Merz

CARL S. ANDERSON, Warden,

        Respondent.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on the Warden's Objections (Doc. No. 243) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 240[1]) recommending that Petitioner's Motion for Relief from Judgment (Doc. No. 235) be granted. Petitioner has responded to the Objections (Doc. No. 245) and Judge Rose has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 244).

      The Warden raises five objections to the Report which will be considered seriatim. The Warden correctly asserts that the standard of review is *de novo* (Objections, Doc. No. 243, PageID 1173-1174).

---

[1] Reported at *Landrum v. Anderson*, 2012 U.S. Dist. LEXIS 118501 (S.D. Ohio Aug. 22, 2012).

**Objection 1:** *Martinez v. Ryan* **is Inapplicable**

In *Martinez v. Ryan,* 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed 2d 272 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel could act as excusing cause for a procedural default in presenting an ineffective assistance of trial counsel claim in post-conviction in States such as Arizona where a defendant was required to present ineffective assistance of trial counsel claims in a collateral proceeding. In the Report I concluded that "Ohio law is more complex" than Arizona's, requiring ineffective assistance of trial counsel claims dependent solely on the appellate record to be presented on direct appeal and claims dependent on evidence outside the appellate record to be presented in post-conviction proceedings under Ohio Revised Code § 2953.21 (Report, Doc. No. 240, PageID 1140). Because Landrum had the same counsel at trial and on direct appeal, I concluded he was practically required to raise his ineffective assistance of trial counsel claims in post-conviction and that, while this was a slight extension of the holding in *Martinez*, it was within the Supreme Court's rationale. *Id.* at 1141.

The Warden objects that *Martinez* is inapplicable in Ohio because "[i]t is well-established that *Martinez v. Ryan* is limited to states in which claims of ineffective assistance of trial counsel *cannot* be raised on direct appeal." (Objections, Doc. No. 243, emphasis sic, relying on *Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012)(Jones, Ch. J.); *Taylor v. McKee*, 649 F. 3d 446 (6th Cir. 2011); and *Sowards v. Attorney General of Ohio*, 2012 U.S. Dist LEXIS 55370 (S.D. Ohio Apr. 19, 2012)(Kemp, Ch. M.J.).

In *Ibarra*, petitioner sought an extension of *Martinez* to cover "(1) an ineffective-assistance-of-trial-counsel claim; (2) a claim of mental retardation under *Atkins v. Virginia*, 536

2

U.S. 304, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002); and (3) a claim that the prosecution violated his rights under the Vienna Convention on Consular Relations." 687 F.3d at 224. The first two claims were summarily dismissed. As to the ineffective assistance of trial counsel claim, Judge Jones noted that it had first been presented by Ibarra in his **fourth** state habeas petition. She then contrasted Arizona's procedures at issue in *Martinez* with Texas procedure:

> Contrast these procedures with Texas's rules governing ineffectiveness claims. The TCCA [Texas Court of Criminal Appeals] made clear that state habeas petition is the preferred vehicle for developing ineffectiveness claims. *Robinson v. State,* 16 S.W.3d 808, 809-10 (Tex. Crim. App. 2000). Yet Texas defendants may first raise ineffectiveness claims before the trial court following conviction via a motion for new trial, when practicable, and the trial court abuses its discretion by failing to hold a hearing on an ineffectiveness claim predicated on matters not determinable from the record. *Holden v. State,* 201 S.W.3d 761, 762-63 (Tex. Crim. App. 2003). A prisoner who develops such a record through a new trial motion can of course pursue the denial of an ineffectiveness claim through direct appeal, but the TCCA has indicated that a new trial motion is neither a sufficient nor necessary condition to secure review of an ineffectiveness claim on direct appeal. Indeed, an ineffectiveness claim may simply be raised on direct appeal without the benefit of a motion for new trial. *Robinson*, 16 S.W.3d at 813. As a result, both Texas intermediate courts and the TCCA sometimes reach the merits of ineffectiveness claims on direct appeal. *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). Where they do not, Texas habeas procedures remain open to convicted defendants. *Ex parte Nailor,* 149 S.W.3d 125, 129, 131 (Tex. Crim. App. 2004). In short, Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings, and they do not by law deprive Texas defendants of counsel-and court-driven guidance in pursuing ineffectiveness claims.
>
> Accordingly, Ibarra is not entitled to the benefit of *Martinez* for his ineffectiveness claims, as Texas procedures entitled him to review through counselled motions for new trial and direct appeal.

*Id.* at 227.   Thus Texas has far more avenues available to raise ineffective assistance of trial counsel claims than Ohio where such a claim dependent on evidence outside the record must be raised in post-conviction.

*Taylor v. McKee*, 649 F.3d 446 (6th Cir. 2011), was handed down while *Martinez* was pending on certiorari but before it was decided.  The court opined:

> "There is no constitutional right to an attorney in state post-conviction proceedings," *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), which means that Taylor did not have a right to appellate counsel on collateral review. Even if the Supreme Court determines that such a right exists in a state post-conviction proceeding that is the first opportunity to present an ineffective-assistance-of-counsel claim, see *Martinez v. Ryan,* 131 S. Ct. 2960, 180 L. Ed. 2d 244, 2011 WL 380903 (2011) (grant of certiorari), that right would not apply here, since defendants in Michigan may bring ineffective-assistance claims on direct appeal, see, e.g., *People v. Taylor,* 275 Mich. App. 177, 737 N.W.2d 790, 796 (Mich. App. 2007). Thus the ineffectiveness of appellate counsel at this point in the proceedings does not present a constitutional violation sufficient to establish cause and prejudice for a procedural default.

*Id.* at 452.  *Taylor* arose from a Michigan conviction and Judge Rogers does not describe in detail the Michigan procedures for raising ineffective assistance of trial counsel claims, merely noting that they can be raised on direct appeal.  In any event it is doubtful that such a "pre-interpretation" of the then-awaited decision in *Martinez* should be given controlling weight in deciding what the Supreme Court eventually decided.

In *Sowards*, Chief Magistrate Judge Kemp held that *Martinez* is not applicable to excuse a procedural default in raising a claim of ineffective assistance of appellate counsel in an Ohio R. App. P. 26(B) proceeding.  There is not even dicta in *Sowards* about the issue presented here.

Thus none of the case law cited by the Warden speaks to the precise issue presented here: what impact does *Martinez* have in Ohio where some ineffective assistance of trial counsel

4

claims must be presented on direct appeal and some must be presented in a collateral attack. The Warden concludes that because *Martinez* does not speak directly to the Ohio situation, it has no application here. Some day the Sixth Circuit or the Supreme Court may reach that conclusion, but neither has done so thus far. In the meantime, it is our duty to give *Martinez* a fair reading and apply its rationale: defendants should have effective counsel in post-conviction, as they do on direct appeal, to raise ineffective assistance of trial counsel claims.

In any event, the Warden argues, this particular claim (as contrasted with ineffective assistance of trial counsel claims in general) is one which should have been raised on direct appeal, citing the Ohio court of appeals conclusion to that effect (Objections, Doc. No. 243, PageID 1176). However, as the Warden admits, the Sixth Circuit rejected that holding. *Landrum v. Mitchell*, 625 F.3d 905, 920 (6th Cir. 2010), citing *State v. Hutton*, 100 Ohio St. 3d 176 (2003). The Warden argues that the Sixth Circuit misread *Hutton* (Objections, Doc. No. 243, PageID 1176). Whether or not that is so as an abstract matter, the Sixth Circuit's reading of *Hutton* is now the law of this case.

**Objection 2: Post-Conviction Counsel Was Not Ineffective**

In the Report, I concluded that post-conviction counsel was ineffective because the claim relating to the Coffenberger testimony was included in an affidavit attached to the post-conviction petition, but not directly pleaded in the petition (Report, Doc. No. 240, PageID 1143-1145). The Warden argues this was not ineffective assistance because actually pleading the claim would have invited the state courts to invoke *res judicata* rather than reaching the merits

5

(Objections, Doc. No. 243, PageID 1177). This argument is unpersuasive for the reasons given by Petitioner in his Response (Doc. No. 2456, PageID 1190-1191).

**Objection 3: Landrum's Ineffective Assistance of Trial Counsel Claim is Not Substantial**

In order to succeed on a *Martinez* claim, a habeas petitioner must demonstrated that the underlying claim of ineffective assistance of trial counsel is "substantial." The Warden argues the claim is not substantial because Landrum was convicted of two separate capital specifications and the asserted error would have had no impact on the "murder to escape detection" verdict (Objections, Doc. No. 243, PageID 1179-1180).

As Landrum points out in his Response, this Court has already held the claim is meritorious and it is therefore, *a fortiori*, substantial.

**Objection 4: This Case Does Not Present the Unusual Circumstances Required for Relief Under Fed. R. Civ. P. 60(b)(6).**

No further analysis is required on this point beyond that made in the original Report.

**Objection 5: This Court Lacks Subject Matter Jurisdiction to Grant the Motion**

In his last Objection, the Warden essentially argues that Landrum's Rule 60(b)(6) Motion constitutes a second or successive habeas petition. If that were so, the Court would indeed lack subject matter jurisdiction to consider it. *Burton v. Stewart*, 549 U.S. 147 (2007). The Warden concedes that the Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), found no violation

of 28 U.S.C. § 2244(b) when a Rule 60 motion was used to obtain reconsideration of a statute of limitations ruling which turned out to be erroneous under new law.  The Warden also concedes that *Gonzalez* in dictum suggested the same would be true for reconsideration of a procedural default ruling which turned out to be erroneous on the basis of new law.  The Warden then argues the claim now made is essentially a new claim because Landrum could previously have made the argument which turned out to be successful in *Martinez*.  Note, however, that *Coleman v. Thompson,* 501 U.S. 722 (1991), had been the firm law for more than twenty years until *Martinez* was decided.   Pleadings in capital habeas corpus cases are already sufficiently prolix without requiring petitioners to plead claims well outside settled law on the hope the law may change in their case.  *Martinez* was unexpected at the time this case was litigated in this Court.  Landrum should not be penalized for having failed to predict it.

## Conclusion

Having reexamined the matter in light of the Warden's Objections, the Magistrate Judge again recommends the Motion for Relief from Judgment be granted.

October 25, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance

7

with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).