# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAWRENCE LANDRUM,

        Petitioner,  :        Case No. 1:96 CV 641

  - vs -                                District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

CARL S. ANDERSON, Warden,

        Respondent.  :

## REPORT AND RECOMMENDATIONS[1]

      This case is before the Court on the Warden's Motion to Amend and Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings. (Doc. No. 255). Petitioner has opposed the Motion, (Doc. No. 258), the Warden has filed a Substituted Reply in support, (Doc. No. 261-1), and Petitioner has filed a Sur Response. (Doc. No. 265).

      Among other claims of ineffective assistance of trial counsel, Petitioner Lawrence Landrum asserted his trial attorney should have sought admission of testimony from Rameal Coffenberger that co-perpetrator Grant Swackhammer admitted to being the principal offender (hereinafter the "Coffenberger Claim"). The District Court found this claim meritorious and granted a conditional writ requiring that Landrum be released unless he was retried and again convicted. *Landrum v. Anderson*, No. 1:96-cv-641, 2006 WL 1027738 (Apr. 17, 2006); see also, *Landrum v. Anderson,* No. 1:96-cv-641, Doc. 205 (Report and Recommendations, Nov. 1, 2005).

---

[1] A motion to certify an interlocutory appeal under 28 U.S.C. §1292(b) is dispositive and a magistrate judge can rule finally on it only when there is full consent under 28 U.S.C. §636(c). *Vitols v. Citizens Banking Co*., 984 F.2d 168 (6th Cir. 1993).

1

The Court of Appeals reversed, finding that the Coffenberger Claim was procedurally defaulted on two bases. *Landrum v. Mitchell,* 625 F.3d 905 (6th Cir. 2010). The Court found first that to the extent the claim should have been raised on direct appeal under Ohio law, appellate counsel's failure to do so might have been ineffective assistance of appellate counsel, but the ineffective assistance of appellate counsel claim was itself procedurally defaulted because Landrum failed to timely file an application to reopen the direct appeal under Ohio R. App. P. 26(B). *Id*. at 916-918. Second, the Sixth Circuit found that to the extent the Coffenberger Claim could have been raised in post-conviction, it was procedurally defaulted by post-conviction counsels' failure to do so properly. *Id*. at 918-919. Ineffective assistance of post-conviction counsel could not excuse that default "because there is no constitutional right to an attorney in post-conviction proceedings." *Id*. at 919, *citing Coleman v. Thompson*, 501 U.S. 722, 752-53 and *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The United States Supreme Court denied Landrum's petition for certiorari on October 3, 2011. *Landrum v. Mitchell*, ___ U.S. ___, 132 S. Ct. 127 (2011).

On July 3, 2012, Landrum filed a Motion for Relief from Judgment Pursuant to Fed.Civ.R. 60(b). (Doc. No. 235). Landrum sought to have the judgment reopened, not to correct any error this Court made, but because of what he argued was an intervening change in the law that the Sixth Circuit had applied, brought about by *Martinez v. Ryan,* 566 U.S. ___, 132 S. Ct. 1309 (2012), decided by the Supreme Court five months after it denied certiorari in this case. The Warden opposed Mr. Landrum's Rule 60(b) motion essentially arguing that, for several reasons, *Martinez* did not apply in Mr. Landrum's situation. (Doc. No. 238).

On August 22, 2012, the Magistrate Judge filed a Report and Recommendations recommending that Landrum's Rule 60(b) Motion be granted. (Doc. No. 240). The Warden filed

Objections to that Report, (Doc. No. 243), and consistent with District Judge Rose's Recommittal Order, (Doc. No. 244), on October 26, 2012, the Magistrate Judge filed a Supplemental Report and Recommendations again recommending that Mr. Landrum's Rule 60(b) Motion be granted. (Doc. No. 246). On December 4, 2012, after considering the Warden's Objections to my Supplemental Report, (Doc. No. 247), Judge Rose adopted the initial and Supplemental Reports and granted Landrum's Rule 60(b) Motion. (Doc. No. 252). The Warden's present Motion followed.

The Warden asks the Court to certify for interlocutory appeal three parts of its Order granting Landrum's Rule 60(b) Motion: (1) that Landrum had demonstrated the existence of special circumstances with respect to Rule 60(b); (2) that the holding in *Martinez, supra,* applies to ineffective assistance of counsel claims originating in Ohio state courts; and (3) that Landrum's claim of ineffective assistance of post-conviction counsel is substantial. (Doc. No. 255). The Warden argues that the Court's Rule 60(b) Order meets the standard for certification pursuant to 28 U.S.C. Sec. 1292(b) because the reasoning on which the Court rested its Order presents substantial ground for difference of opinion and controlling questions of law, and because an order for interlocutory appeal would materially advance the disposition of the litigation. *Id.*, PageID 1444-45.

In opposition, Landrum argues first that interlocutory appeals are disfavored and that 28 U.S.C. § 1292(b) is to be narrowly construed. (Doc. No. 258). He also argues that the Warden has failed to show that there is a substantial ground for difference of opinion as to the correctness of each of the Court's rulings on which he seeks certification. *Id.*; Doc. No. 265. In addition, Landrum argues, contrary to the Warden, that certification for interlocutory appeal will not materially advance the ultimate determination of this litigation.  Doc. No. 258.

The primary issue in this matter is the applicability of *Martinez* to Landrum's Coffenberger Claim and it is essentially dispositive of the Warden's Motion to Amend and Certify. Therefore, this Report focuses on that issue.

Section 1292 of Title 28 of the United States Code reads in part:

> **Interlocutory decisions**
> …
> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
> …

28 U.S.C. Sec. 1292(b).

An interlocutory appeal should only be granted in exceptional circumstances and should be used sparingly to avoid protracted and expensive litigation. *Cardwell v. Chesapeake & Ohio R.R. Co.,* 504 F.2d 444, 446 (6th Cir. 1974). Review under § 1292(b) should be sparingly applied and only in exceptional cases. *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002). "Attractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence." *Elliott v. Brickman Group Ltd., LLC,* 845 F.Supp.2d 858, 863 (S.D. Ohio 2012)(citations omitted).

When evaluating the propriety of an interlocutory appeal, the Sixth Circuit Court of Appeals seeks to determine if (1) the challenged order involves a controlling legal question; (2) there is a substantial ground for a difference of opinion relating to the issue under review; and (3)

an immediate appeal would materially advance the termination of the litigation. *City of Memphis,* 293 F.3d at 350.

The first factor this Court must consider is whether the granting of Mr. Landrum's Rule 60(b) Motion involved a controlling question of law. A question of law is controlling if it could materially affect the outcome of the case. *City of Memphis,* 293 F.3d at 351 (citation omitted). The answer is yes. The Supreme Court decided *Martinez* in March, 2012, just one year ago. There simply has not been sufficient time for cases involving a *Martinez* issue to filter to the courts of appeals for determinations of the applicability to the various States in view of the States' post-conviction procedures. The resolution of whether *Martinez* applies to Ohio habeas petitioners controls the outcome of Mr. Landrum's ineffective assistance of counsel claim. If *Martinez* does not apply to Ohio habeas petitioners, then his claim is procedurally defaulted and not subject to federal habeas review. If, however, *Martinez* applies, then, as this Court has determined, his ineffective assistance of counsel claim is not procedurally defaulted. The first factor weighs in favor of granting the Warden's Motion to Amend and Certify.

The second factor this Court must consider is whether a substantial ground for difference of opinion exists regarding the correctness of the decision. "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Gaylord Entertainment Co. v. Gilmore Entertainment Group,* 187 F.Supp.2d 926, 956 (M.D. Tenn. 2001)(citation omitted)(cited with approval in *Elliott,* 845 F.Supp.2d at 866).

As reflected by this Court's detailed analysis in its August 22, 2012, Report and October 26, 2012, Supplemental Report, the issue of whether *Martinez* applies to Mr. Landrum's case is a difficult issue of first impression. As noted above, it is a question of first impression in Ohio  as

5

well as in the Sixth Circuit. There does not appear to be a conflict within the Sixth Circuit as to whether *Martinez* applies to Ohio habeas petitioners. Finally, even if the circuits were split as to the application of *Martinez*, that would not necessarily be relevant in this case. Whether *Martinez* is applicable to a particular case requires the analysis of post-conviction procedures on a state-by-state basis. Therefore, the answer within a circuit is going to be different depending upon the procedures employed by each State within the relevant circuit. In other words, application of *Martinez* is going to be essentially fact sensitive on a state-by-state basis. The second factor, therefore, weighs against granting the Warden's Motion to Amend and Certify.

The third factor which the Court must consider is whether an immediate appeal may materially advance the ultimate termination of the litigation. An interlocutory appeal materially advances the ultimate termination of the litigation when it saves judicial resources and litigant expense. *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis,* 138 F.2d 1015, 1026 (W.D. Tenn. 2000).

A brief review of the timetable of the relevant matters is appropriate at this time. As noted above, the Judge Rose adopted the Report and Supplemental Report and granted Mr. Landrum's Rule 60(b) motion on December 4, 2012. (Doc. No. 252). On December 5, 2012, this Court entered an Order to Brief the Coffenberger Claim which is the claim related to Mr. Landrum's ineffective assistance of counsel claim. (Doc. No. 253). On January 31, 2013, Landrum filed his Brief, (Doc. 259), the Warden filed his Brief in Response on February 21, 2013, and Landrum filed his Reply Brief on March 6, 2013. (Doc. 264). The matter, therefore, is ripe for Report and Recommendations on the merits.

Because the primary issue underlying Mr. Landrum's Rule 60(b) Motion, that is, his ineffective assistance of counsel claim regarding Coffenberger, is now ripe for Report and

Recommendations, granting the Warden's present Motion would not materially advance the ultimate termination of the litigation. That is because the parties have already fully briefed the underlying issue of Coffenberger's testimony. Requiring the parties to now brief before the Sixth Circuit the question of whether *Martinez* applies to Landrum's Coffenberger Claim would, in fact, add to the litigation expenses. Rather, allowing the matter to proceed through the normal litigation process---deciding the ineffective assistance of counsel claim followed by an appeal to the Sixth Circuit---would save judicial resources and litigant expense. This litigation is complete except for the Coffenberger Claim – all other claims have been completely exhausted.  Given the current caseload of the Sixth Circuit, it is unlikely that court would reach the interlocutory appeal before this Court can decide the Coffenberger Claim and have it ripe for decision on the merits, including the underlying questions about the applicability of *Martinez*.  Accordingly, the third factor weighs against granting the Warden's Motion to Amend and Certify.

 After weighting the three *City of Memphis* factors, this Court concludes that the Warden's Motion to Amend and Certify is not well taken.

It is therefore respectfully recommended that the Warden's Motion to Amend and Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings, (Doc. 255), be denied.

April 30, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Motion Certify R&R