# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAWRENCE LANDRUM,

        Petitioner,  :        Case No. 1:96-cv-641

  - vs -                                   District Judge Thomas M. Rose
                                           Magistrate Judge Michael R. Merz

CARL S. ANDERSON, Warden,

        Respondent.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Respondent's Objections (Doc. No. 269) to the Magistrate Judge's Report and Recommendations (the "Interlocutory Appeal Report," Doc. No. 268), recommending denial of the Warden's Motion to Certify an interlocutory appeal under 28 U.S.C. § 1292(b).  As permitted by Fed. R. Civ. P. 72, the Petitioner has filed a Response to those Objections (Doc. No. 271).  Judge Rose has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections and Response (Doc. No. 272).

      The Warden agrees with Interlocutory Appeal Report that the standard for granting a motion for interlocutory appeal under 28 U.S.C. § 1292(b) is whether (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. (Objections, Doc. No. 269, PageID 1636, *citing Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993.)  The Interlocutory Report relied on the same standard as set forth in *In re City of Memphis*, 293 F.3d

345, 350 (6th Cir. 2002)(Interlocutory Report, Doc. No. 268, PageID 1628-1629).

The Interlocutory Report agrees with the Warden's position that there is a difficult controlling question of law involved, to wit, whether the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), applies in Ohio, where the system for post-conviction collateral attack on criminal judgments is different from the Arizona system considered in *Martinez*. Thus the first two prongs of the controlling test are satisfied.

The third prong – substantial ground for difference of opinion exists on the correctness of the district court's decision -- can be satisfied by showing "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Gaylord Entertainment Co. v. Gilmore Entertainment Group,* 187 F.Supp.2d 926, 956 (M.D. Tenn. 2001)(citation omitted).

The Interlocutory Report left the Warden with the impression the Magistrate Judge found this prong was not satisfied and he objects (Objections, Doc. No. 269, PageID 1637). This part of the Interlocutory Report therefore needs clarification, because the Magistrate Judge certainly agrees that there is substantial ground for difference of opinion exists on the correctness of the district court's decision. The issue is both difficult and one of first impression[1]. The third prong of *Vitols* is therefore satisfied.

The last prong of § 1292(b) is whether an immediate appeal "may materially advance the ultimate termination of the litigation." It is on this prong that the Magistrate Judge disagrees with the Warden. Wright, Miller & Cooper suggest

> The three factors [in § 1292(b)] should be viewed together as the statutory language equivalent of a direction to consider the

---

[1] The Objections agree (PageID 1637) that there is not yet any conflict of opinion within the Sixth Circuit and that there is unlikely to be conflict among the circuits on whether Ohio's post-conviction procedures come within *Martinez* since other circuits are unlikely to adjudicate habeas corpus cases arising from Ohio convictions.

> probable gains and losses of immediate appeal. The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling. The disadvantages of immediate appeal increase with the probabilities that lengthy appellate consideration will be required, that the order will be affirmed, that continued district court proceedings without appeal might moot the issue, that reversal would not substantially alter the course of district-court proceedings, or that the parties will not be relieved of any significant burden by reversal.

Wright, Miller & Cooper, Federal Practice and Procedure 3d, § 3930. Considering these factors, the Magistrate Judge notes that the parties have already briefed the Coffenberger Claim, the one issue on which the judgment has been reopened, and thus there is no burden on the parties from continuing in the District Court until they receive a final appealable judgment. Certifying the question of whether *Martinez* applies would thus delay rather than accelerating completion of the proceedings in this Court. The Warden notes that one or both parties will probably wish to file objections to a report and recommendations on the Coffenberger claim, but it is unlikely the time needed for that process would be greater than the time needed for the Sixth Circuit to decide whether to accept an interlocutory appeal and then to decide that appeal[2].

The likelihood of reversal has also decreased since the Warden sought certification. In the Objections (PageID 1637) the Warden notes the grant of certiorari in *Trevnio v. Thaler,* 449 F. App'x 415 (5th Cir. 2011). The Supreme Court decided that case on May 28, 2013, holding that *Martinez* applies in Texas which has a system of post-judgment review of ineffective assistance of trial counsel claims substantially more like Ohio's than like Arizona's. This undercuts the reliance of the Warden on *Moore v. Mitchell*, 708 F.3d 760, 785 (6th Cir. 2013), on the narrowness of the *Martinez* holding and a parallel narrow reading in *Ibarra v. Thaler*, 687

---

[2] A decision of the undersigned to deny a stay pending appeal has been pending before the Sixth Circuit on a request to stay that decision for more than six months at the time of writing.

F.3d 222, 224 (5th Cir. 2012), *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012), and *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012), cited by the Sixth Circuit. See *Trevino v. Thaler,* ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed 2d 1044 (2013).

In sum, the possible benefits of allowing an interlocutory appeal here are substantially outweighed by the costs in likely delay. It is therefore again respectfully recommended that the Warden's Motion to Certify (Doc. No. 255) be DENIED.

June 17, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).