# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAWRENCE LANDRUM,

            Petitioner,  :          Case No. 1:96-cv-641

  - vs -                                   District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

CARL S. ANDERSON, Warden,

            Respondent.  :

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court for decision on the merits of what has become known in the case as the "Coffenberger Claim." The parties have briefed the issues (Doc. Nos. 259, 263, 264).

**Procedural History**

On April 17, 2006, District Judge Rose adopted the Magistrate Judge's Report and Recommendations on the merits of this case, holding:

> Lawrence Landrum is granted a Conditional Writ of Habeas Corpus commanding his release from custody unless within 180 days from the entry of final judgment in this case, he is again convicted and sentenced to death at trial at which the Coffenberger testimony is admitted in the guilt phase. In all other aspects,

1

>Lawrence Landrum's Petition for a Writ of Habeas Corpus is denied on the merits.

(Entry and Order, Doc. No. 212, PageID 899.)  On November 5, 2010, the Sixth Circuit reversed the grant of the writ on the Coffenberger claim and affirmed in all other respects. *Landrum v. Mitchell*, 625 F.3d 905, 934-35 (6th Cir. 2010).  The United States Supreme Court denied certiorari.  *Landrum v. Mitchell*, 132 S. Ct. 127 (2011).

Landrum then moved to reopen the judgment under Fed. R. Civ. P. 60(b)(6) based on the Supreme Court's decision in *Martinez v. Ryan,* 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed 2d 272 (2012),decided March 12, 2012, five months after certiorari was denied in this case. (Doc. No. 235.)  The Magistrate Judge recommended that the judgment be reopened (Doc. Nos. 240, 246) and Judge Rose adopted that recommendation (Doc. No. 252).  The parties were then ordered to brief the Coffenberger claim (Doc. No. 253) and have done so, making it ripe again for decision on the merits.

**Analysis**

The claim now before the Court for decision is the same claim on which the Court previously granted relief.  It is that Landrum's trial counsel provided ineffective assistance at trial when they failed to offer, during the guilt phase of the trial, the testimony of Ramuel (Randy) Coffenberger that Grant Swackhammer admitted to Coffenberger that he (Swackhammer), rather than Landrum, had slit Harold White's throat and thereby killed him.

2

This claim was the principal focus of Judge Gibbons' opinion for the Sixth Circuit on the former appeal. The court did not reach the merits of the claim, but concluded:

> In sum, we hold that Landrum procedurally defaulted his claim that his trial counsel was constitutionally ineffective for failing to introduce Coffenberger's testimony during the guilt phase because he failed to raise this claim on direct appeal and in his post-conviction petition. Furthermore, we hold that Landrum is unable to excuse this default because he failed to comply with the firmly established and regularly followed timing requirements of Rule 26(B) in bringing his ineffective assistance of appellate counsel claim and because ineffective assistance of counsel is not a basis for excusing the post-conviction proceeding default. Thus, we reverse the decision of the district court granting Landrum a conditional writ of *habeas corpus* on this claim.

*Landrum v. Mitchell*, 625 F.3d at 919.


**Ineffective Assistance of Post-Conviction Counsel Can Now, as a Matter of Law, Excuse Failure to Fairly Present an Ineffective Assistance of Trial Counsel Claim:**

    **In Post-Conviction**

The law regarding ineffective assistance of post-conviction counsel has changed since the Sixth Circuit decided this case. In 2010, it had been clearly established law for nearly twenty years that ineffective assistance of post-conviction counsel would not excuse a procedural default in presenting a claim in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722 (1991).

In *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (Mar. 20, 2012), the Supreme Court created a limited exception to the *Coleman* holding, stating:

3

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319. Since the parties completed briefing the Coffenberger claim on March 6, 2013, the Supreme Court has expanded *Martinez* to States, like Ohio, where presentation of ineffective assistance of trial counsel claims is not as narrowly limited to post-conviction proceedings as in Arizona, the State involved in *Martinez*. In *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Court extended *Martinez* to the Texas system. Handed down May 28, 2013, it strengthens this Court's conclusion, reached in granting Petitioner's Rule 60(b) Motion, that the *Martinez* exception reaches Ohio cases. *Landrum v. Mitchell*, 2012 U.S. Dist. Lexis 118501 (S.D. Ohio Aug. 22, 2012), *adopted by Landrum v. Anderson*, 2012 U.S. Dist. LEXIS 171777 (S.D. Ohio Dec. 4, 2012).[1] In particular, Ohio does not absolutely limit ineffective assistance of trial counsel claims to post-conviction proceedings under Ohio Revised Code § 2953.21 as Arizona does. Ohio does require that such claims be

---

[1] The Court understands that the State of Ohio has not acquiesced in this holding and will have a right to appeal it when final judgment is entered.

4

brought in that way when they depend on evidence outside the record and permits them to be brought that way when a defendant has been represented on appeal by the same attorney who represented him at trial. *State v. Hutton*, 100 Ohio St. 3d 176 (2003).

*Martinez* and *Trevino* undermine that part of the Sixth Circuit's rationale for reversing this Court that depended on finding Landrum could not excuse failure to present the Coffenberger claim in post-conviction by showing that his post-conviction counsel provided ineffective assistance. Nevertheless, the Sixth Circuit's decision remains the law of the case. It is for that court, rather than this one, to decide the impact of *Martinez*.

> The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir. 1989)). Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Id.* (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct. 71, 38 L. Ed. 2d 110 (1973)). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). The mandate rule is a specific application of the law-of-the-case doctrine. The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals. *United States v.*

*Campbell,* 168 F.3d 263, 265 (6th Cir. 1999).  By the Magistrate Judge's understanding of the mandate rule and the law of the case doctrine, this Court had authority to grant the Rule 60(b) Motion once jurisdiction was returned to this Court by issuance of the mandate, but it does not have authority to apply its understanding of the impact of *Martinez* in derogation of the Sixth Circuit's pre-*Martinez* application of *Coleman*.  Because *Martinez* and *Trevino* were themselves habeas corpus cases, there is no bar to the Sixth Circuit's applying them to this case on a subsequent appeal.

**But Not on Direct Appeal**

As this Court has also held in the cited decision on the 60(b) motion, *Martinez* does not affect the Sixth Circuit's determination that Landrum cannot excuse failure to raise the Coffenberger claim on direct appeal by showing that his appellate counsel was ineffective because he procedurally defaulted in presenting his ineffective assistance of appellate counsel claim by filing his Ohio App. R. 26(B) application in an untimely manner.  *Martinez* creates a *Coleman* exception only for ineffective assistance of trial counsel claims, not ineffective assistance of appellate counsel claims.[2]

---

[2] The Sixth Circuit also correctly distinguished this case from *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006), based on the respective dates when the state courts enforced the 26(B) time limitation in this case (1998) and in Franklin (1993).  See *Landrum v. Mitchell, supra*, at 916-917.  Of course, the two precedents on which the Sixth Circuit relied for the proposition that "as of January 1996, 'the time constraints of Rule 26(B) were firmly established and regularly followed,'" were both handed down after the final judgment in this Court.  *See Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008); *Fautenberry v. Mitchell*, 515 F.3d 614, 641 (6th Cir. 2008).  *Landrum, supra*, at 917.

6

**Landrum Received Ineffective Assistance of Post-Conviction Counsel**

In *Martinez*, the Supreme Court commanded that the ineffectiveness of post-conviction counsel be measured by the well-established standard in *Strickland v. Washington*, 466 U.S. 668 (1984). *Martinez*, 132 S. Ct. at 1318. That standard is:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, ___, 130 S.Ct. 2250, 2264 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

7

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687.

The Sixth Circuit determined that the Coffenberger claim was not "fairly presented" in post-conviction, holding:

> Although Landrum did raise an ineffective assistance of trial counsel claim in his post-conviction petition, he did not include the allegation about introducing Coffenberger's testimony in the guilt phase. In this court, Landrum argues that his general allegation of ineffective assistance of counsel, along with affidavits from his trial counsel and another attorney that were attached to his post-conviction petition, sufficed to have presented the claim to the post-conviction trial court. Landrum's trial counsel's affidavit recited that additional time was needed to develop background information regarding Swackhammer's relative culpability. In the other affidavit, an attorney not involved in the trial opined that Landrum's trial counsel was deficient for failing to present

8

> Coffenberger's testimony in the trial phase. Reference to Coffenberger in Landrum's post-conviction petition itself can only be fairly read as a reference to the penalty phase of the trial, not the guilt phase. The affidavits on which Landrum relies did not present the factual basis for the ineffective assistance claim raised here because no corresponding claim was made in the state post-conviction petition and, thus, the state court would have had to read beyond the petition to discover it. *See Baldwin [v. Reese],* 541 U.S. [27,] 32 [(2004)]; *Pillette [v. Foltz],* 824 F.2d [494,] 497-98 ](1987)].

*Landrum v. Mitchell*, 625 F.3d at 918-19.

The Magistrate Judge concludes that it was deficient performance for post-conviction counsel to fail to include the Coffenberger claim in the body of the post-conviction petition. As the Sixth Circuit found, the facts of the claim were available in the affidavits attached to the post-conviction petition, but not carried forward to the petition itself. This was not a matter of choosing among possible claims to bring and finding this one lacking in sufficient arguable merit. Rather, it was a failure to include a claim in a pleading even though the facts in support of the claim were in counsel's hands.

Omission of the claim was prejudicial because it prevented consideration of the claim on the merits by the Ohio courts and ultimately in habeas corpus.

At first blush, it might appear there was no prejudice because the Ohio courts had an alternative procedural basis for rejecting the claim, to wit, that it was barred by Ohio's criminal *res judicata* doctrine enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967). However, the Sixth Circuit held that the relevant rule regarding whether an ineffective assistance of trial counsel claim must be raised on direct appeal or barred by *res judicata* when new counsel join the defense team on appeal was not firmly established and regularly followed when Landrum filed his direct appeal. *Landrum v. Mitchell*, 625 F.3d 905, 921 (6th Cir. 2010). Although both

9

the Ohio trial court and the court of appeals applied the *res judicata* doctrine as an alternative procedural bar, the Sixth Circuit rejected that bar. *Id.* at 915, n.2.

The test for prejudice is whether there was a reasonable probability of a different outcome in the post-conviction proceeding absent the deficient performance. The Magistrate Judge concludes there was such a reasonable probability; the Court already found the omission prejudicial in granting the Rule 60(b) Motion (Doc. No. 240, PageID 1145). It is clear that failure to present Coffenberger's testimony during the guilt phase was based on a misunderstanding of the law of hearsay, and not any strategic choice. As the Ohio Supreme Court found, Swackhammer's statement to Coffenberger was plainly against Swackhammer's penal interest and therefore admissible under Ohio R. Evid. 804(b)(3), *Landum*, 53 Ohio St. 3d at 113-115.[3] The trial judge deciding the post-conviction case with this claim in it would have had a much stronger basis for granting relief.[4] The Ohio Supreme Court decided the case on August 15, 1990; the trial court denied post-conviction relief on March 23, 1998..

**Landrum's Resurrected Claim of Ineffective Assistance of Trial Counsel Has Merit**

If Landrum's Coffenberger claim is no longer barred by procedural default (because the default is excused by the ineffective assistance of post-conviction counsel), the question which must then be addressed is whether the Coffenberger claim itself has merit. Review of the claim is *de novo* because, as the Sixth Circuit held, the state courts did not reach the merits of this

---

[3] Certainly there could be argument on whether the corroborating circumstances in which the statement was made "clearly indicate the truthworthiness of the statement." Ohio R. Evid. 804(b)(3). But counsel did not withhold the statement on this basis.

[4] This Court should also assume that the trial court would have followed the correct Ohio law about *res judicata* as found by the Sixth Circuit on appeal, and not barred this claim on that basis. In assessing the probability of a different result absent ineffective assistance of counsel, federal courts should assume that state courts would follow the correct state law.

claim.[5] *Landrum*, 625 F.3d at 916-919. Because the state courts did not reach the merits, this Court is not barred from considering evidence submitted for the first time in habeas by the rule of *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011). The standard for *de novo* review is prescribed by *Strickland, supra*.

This Court concluded when the case was before it in 2006 that the claim merited relief. The Magistrate Judge remains persuaded that it does.

First of all, it was deficient performance by trial counsel to fail to recognize that Coffenberger's testimony was admissible under the statement against penal interest exception to the hearsay rule. That exception is not new or esoteric. It is embodied in the text of the Ohio Rules of Evidence and does not require resort to caselaw for its creation. Counsel knew what Coffenberger was prepared to testify to before the trial (Return of Writ, Doc. No. 17, Trial Tr., Vol. 5, page 128).

Of course, Ohio R. Evid. 804(3) does provide: "A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the truthworthiness[6] of the statement." Given that proviso, trial counsel would have had to argue for admission of the Coffenberger testimony, but surely such an argument should have been made, especially when the prosecution relied on inculpatory statements made by Landrum to persons whose credibility, *prima facie,* was no better than Coffenberger's.

It is plain from the record that trial counsels' deficient performance stemmed from ignorance of the law rather than from any strategic choice. This Court found as much when the

---

[5] Our *de novo* review is, of course, constrained by the mandate rule and the law of the case, as explained hereinafter.
[6] An editor for West Publishing questions whether this should read "trustworthiness." "Truthworthiness" is not a word recognized in either Black's Law Dictionary (9th edition) or Webster's Second New International Dictionary (1934).

11

case was previously before us: "Trial counsel offered no strategic reason for not offering Coffenberger's testimony and none can be postulated by this Court. Instead, their stated reason was their belief the testimony was excludeable hearsay." (Report and Recommendations, Doc. No. 205, PageID 641; adopted Doc. No. 212); *Landrum v. Anderson*, 2005 U.S. Dist. LEXIS 41846, *130 (S.D. Ohio Nov. 1, 2005); *Landrum v. Anderson*, 2006 U.S. Dist. LEXIS 27510 (S.D. Ohio April 17, 2006). One of the trial attorneys admitted in an affidavit in post-conviction that there was no strategic reason for not offering the Coffenberger testimony. (Amended Return of Writ, Doc. No. 84, Vol. IV, Ex. NN, page 96, Aff. Of Thomas Phillips.)  Ignorance of applicable evidence rules constitutes deficient performance. *White v. McAninch*, 235 F.3d 988 (6th Cir. 2000).

Omission of the Coffenberger testimony was prejudicial to Landrum's case. There is no doubt that it was Swackhammer who hit White with the railroad bolt. Although acquaintances of Landrum testified he admitted slitting White's throat, Landrum himself steadfastly maintained that he had not done so, although he admitted involvement in the robbery. The room in which White was murdered was grossly splattered in blood with some found on walls as far as five and one-half feet from his body. But none of White's blood was found on Landrum's clothes and Swackhammer's clothes were not tested for blood. Swackhammer's admission to Coffenberger would have corroborated Landrum's testimony about what happened. As it was, the jury heard only from witnesses who said Landrum had admitted the act to them.

Aside from its direct impact of corroborating Landrum's testimony, the Swackhammer admission would probably have had further impact on the jury. It would have bolstered Landrum's credibility generally. It may well have had impact in the penalty phase.

12

The Ohio Supreme Court's weighing of the likely credibility of Coffenberger's testimony is not entitled to deference because it did not even see a transcript of what he would have testified to, but merely a transcript of the proffer. *See Davis v. Coyle*, 475 F.3d 761, 774 (6th Cir. 2007).

Ultimately, of course, we cannot be certain what impact the testimony would have had. Under those circumstances, the habeas petitioner is entitled to the benefit of the doubt. As this Court held on initial consideration of the merits:

> It is of course uncertain whether the jury would have believed Coffenberger; his testimony was certainly impeachable on the bases suggested by the Ohio Supreme Court. When the habeas court is in grave doubt whether a trial error of federal constitutional law had a substantial and injurious effect or influence in determining the verdict, the error is not harmless and the writ must be granted.

(Report, Doc. No. 205, PageID 641, *citing O'Neal v. McAninch*, 513 U.S. 432 (1995)); *Landrum v. Anderson*, 2005 U.S. Dist. LEXIS 41846, *130 (S.D. Ohio Nov. 1, 2005).

In determining prejudice previously, the Court held, "Trial counsel had in Coffenberger's testimony an admission of principal offender status by a an admitted co-perpetrator which admission, if believed by the jury, would have prevented imposition of a death sentence." (Report, Doc. No. 205, PageID 641, adopted Doc. No. 212); 2005 U.S. Dist. LEXIS 41846, *130; 2006 U.S. Dist. LEXIS 27510.

In the course of reversing this Court by finding that the Coffenberger claim was procedurally defaulted, the Sixth Circuit said:

> Ohio does not require a defendant to be the principal offender to receive a death specification. *See Ohio v. Herring*, 94 Ohio St. 3d 246, 2002 Ohio 796, 762 N.E. 2d 940, 949-50 (Ohio 2002). Therefore the [Swackhammer] statement does not cast doubt upon his involvement in the murder – a point the district court did not

> acknowledge – and Landrum is unable to demonstrate that no reasonable factfinder would have found him eligible for the death penalty if the statement was admitted.[4]
>
> [4] Even if the jury believed that Landrum did not personally slit the victim's throat, Landrum would still likely have been convicted of aggravated murder and aggravated burglary, either as an aider and abettor or based on the felony murder rule. See Ohio Revised Code §§ 2923.03, 2903.01(B). The district court was simply incorrect in its observation that Swackhammer's observation, if believed would have prevented Landrum from being sentenced to death.

*Landrum*, 625 F.3d 905, 919.

The Sixth Circuit did not make this as a formal alternative holding on the merits; its holding was that the Coffenberger claim was barred by procedural default, and it may have regarded this portion of the opinion as dictum. The Magistrate Judge nonetheless regards this as part of the law of the case and deals with it here on that basis.

In one respect not addressed by the Sixth Circuit, this Court's prejudice holding was in error. Landrum was convicted on two capital specifications: "(1) aggravated murder to escape detection for burglary; and (2) being the principal offender in the aggravated murder while committing or attempting aggravated burglary." *Landrum*, 625 F.3d at 912. The first of these two specifications does not require a jury finding of principal offender status and Landrum could have been sentenced to death on this specification alone if the jury found it outweighed the mitigating circumstances.

However, the Magistrate Judge respectfully disagrees with the Sixth Circuit's conclusion that Ohio does not require principal offender status for a death sentence on a felony murder

14

conviction. The Magistrate Judge set forth his reasoning on this point in the Report on Landrum's 60(b) Motion, distinguishing *State v. Herring, supra*, relied on by the Sixth Circuit:

> In *State v. Herring, supra*, the jury found the defendant guilty of the capital specification in Ohio Revised Code § 2929.04(A)(5) which provides in pertinent part that "the offense at bar was part of a course of conduct involving the purposeful killing or attempt to kill two or more persons by the offender." Justice Pfeiffer, principal sponsor of Ohio's current death penalty statute, wrote the majority opinion in *Herring*. He wrote:
>
>> In his third proposition of law, Herring argues that the term "offender" in the (A)(5) multiple-murder specification means the principal offender--i.e., the actual killer. He argues that since the jury did not find him to be the actual killer in any of the three murders, he cannot be guilty of this specification.
>>
>> We reject this contention. As he must, Herring concedes that R.C. 2929.04(A)(5) contains neither an express requirement of prior calculation and design nor an express requirement that the offender be the actual killer. R.C. 2929.04(A)(5) uses the unadorned term "offender," rather than "principal offender." Nor does the term "prior calculation and design" appear therein.
>>
>> Nevertheless, Herring attempts to read a principal-offender requirement into our precedents. He cites *State v. Smith* (1997), 80 Ohio St. 3d 89, 117, 684 N.E.2d 668, 693, and *State v. Sneed* (1992), 63 Ohio St. 3d 3, 10-11, 584 N.E.2d 1160, 1168, fn. 3, as supporting his claim. These cases do not support Herring's argument. *Smith* holds that the Eighth Amendment permits a state to sentence to death one who aids and abets a killing with prior calculation and design. It does not hold, or even suggest, that prior calculation and design is necessary to convict an aider and abettor of the (A)(5) specification. *Sneed* involved the felony-murder specification of R.C. 2929.04(A)(7), not the (A)(5) multiple murder specification. Unlike the (A)(5) specification, R.C.

15

> 2929.04(A)(7) specifically requires that "either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design."
>
> Herring's third proposition of law is overruled.
>
> 94 Ohio St. 3d at 252. There were three deceased victims in Herring, but only one in Landrum's case, Robert White. In Herring the Ohio Supreme Court distinguished the Ohio Revised Code § 2929.04(A)(5) death specification from that in Ohio Revised Code § 2929.04(A)(7), the felony murder death specification, where there must be a jury finding that the defendant is the principal offender or acted with prior calculation and design. Landrum was charged under both the (A)(3) specification ("purpose of escaping detection") and also the (A)(7) section and was convicted of both, so that he could have been sentenced to death on either conviction. Thus *Herring* is inapposite because it interprets only the multiple victim specification. However, Landrum was convicted of the Ohio Revised Code § 2929.04(A)(3) specification as well as the (A)(7) specification; a principal offender finding is necessary for the latter but not for the former.

(Report, Doc. No. 240, PageID 1146-48, 2012 U.S. Dist. LEXIS 118501, *19-22 (S.D. Ohio Aug. 22, 2012), adopted Doc. No. 252, 2012 U.S. Dist. LEXIS 154039 (S.D. Ohio Oct. 26, 2012). The Sixth Circuit opinion does not mention *Smith* or *Sneed*, and Petitioner has also directed this Court's attention to *State v. Taylor*, 66 Ohio St. 3d 295 (1993), where the Ohio Supreme Court held "to be eligible for the death penalty under R.C. 2929.04(A)(7) as the principal offender the defendant must have been the actual killer." *Taylor, 66 Ohio* at 308, *citing State v. Penix*, 32 Ohio St. 3d 369, 371 (1987).

Federal habeas courts are bound to follow state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on

direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"); *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598, (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36, (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986). On the other hand, a district court is obliged by the mandate rule and law of the case to accept what the appeals court says is the law. Having respectfully stated his disagreement, the Magistrate Judge believes he is bound by the law of the case doctrine to allow the Sixth Circuit ultimately to resolve this question.[7]

Even though Landrum was convicted on two capital specifications, it was plainly not inevitable that he would have been sentenced to death if only convicted on one specification and acquitted on the other. The specifications in Ohio Revised Code § 2929.04(A) are made aggravating circumstances by § 2929.04(B) to be weighed against mitigating factors. One fewer aggravating circumstance would have meant that much less weight on the side of imposing the death penalty.

**Conclusion**

Under now-governing law, as the Magistrate Judge reads it, Landrum can rely on the ineffective assistance he received from his post-conviction counsel to excuse his failure to properly raise the Coffenberger claim in post-conviction. Once that procedural default is excused, Landrum is entitled to relief on the Coffenberger claim on the same basis as previously granted, with the additional analysis given above.

---

[7] The Magistrate Judge notes the Sixth Circuit has previously recognized the importance of "principal offender" status for imposition of death on a felony murder conviction in Ohio. *Byrd v. Collins*, 209 F.3d 486, 496 (2000).

Based on the law of the case doctrine, this Court should deny relief on the Coffenberger claim, but issue a certificate of appealability on that claim so that the Sixth Circuit can reconsider its prior decision in light of *Martinez*.

September 26, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).