# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISON AT CINCINNATI

LAWRENCE LANDRUM,

                 Petitioner,   :                    Case No. 1:96-cv-641

    - vs -                                     District Judge Thomas M. Rose
                                                   Magistrate Judge Michael R. Merz

CARL S. ANDERSON, Warden,

                 Respondent.   :

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 286) to the Magistrate Judge's Report and Recommendations on the merits of the "Coffenberger Claim" (Doc. No. 277, the "Report").  As permitted by Fed. R. Civ. P. 72(b), the Warden has filed a Response to those Objections (Doc. No. 289), and Judge Rose has recommitted the matter for a supplemental report (Doc. No. 288).

## Context

The Report deals with the merits of the so-called Coffenberger Claim.  In 2006 Judge Rose granted the writ of habeas corpus and ordered that Petitioner Landrum be released from custody "unless . . . he is again convicted and sentenced to death at trial at which the

Coffenberger testimony is admitted in the guilt phase."  (Entry and Order, Doc. No. 212, PageID 819.)  The Sixth Circuit reversed, holding the Coffenberger Claim had been procedurally defaulted by failure to raise it on direct appeal and in post-conviction. *Landrum v. Mitchell,* 625 F.3d 905, 919 (6th Cir. 2010).  This Court then reopened the judgment in light of *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), to determine if ineffective assistance of post-conviction counsel could excuse the procedural default found by the Sixth Circuit (Entry and Order, Doc. No. 252).

The Report recommended this Court decide (1) that Landrum did receive ineffective assistance in post-conviction, (2) that that ineffective assistance did excuse failure to present the Coffenberger Claim in post-conviction, (3) that the Coffenberger Claim has merit, and (4) that this Court was barred by the law of the case doctrine from applying conclusions (2) and (3) in this case, but should "issue a certificate of appealability on that claim so that the Sixth Circuit can reconsider its prior decision in light of *Martinez*."  (Report, Doc. No. 277, PageID 1682.)

Petitioner raises five objections to the Report which will be dealt with seriatim.

**First Objection:   The Magistrate Judge Erred When He Held That the Contents of Footnote 4 of the Sixth Circuit Opinion Did Not Constitute Part of that Court's Holding But that the Contents Did Constitute The Law of the Case and Justified the Denial of the Writ.**

In reversing this Court's judgment, the Sixth Circuit wrote:

> Ohio does not require a defendant to be the principal offender to receive a death specification. See *Ohio v. Herring*, 94 Ohio St. 3d 246, 2002 Ohio 796, 762 N.E. 2d 940, 949-50 (Ohio 2002). Therefore the [Swackhammer] statement does not cast doubt upon his involvement in the murder – a point the district court did not acknowledge – and Landrum is unable to demonstrate that no

2

reasonable factfinder would have found him eligible for the death penalty if the statement was admitted.[FN4]

> [FN4] Even if the jury believed that Landrum did not personally slit the victim's throat, Landrum would still likely have been convicted of aggravated murder and aggravated burglary, either as an aider and abettor or based on the felony murder rule. See Ohio Revised Code §§ 2923.03, 2903.01(B). The district court was simply incorrect in its observation that Swackhammer's observation, if believed would have prevented Landrum from being sentenced to death.

*Landrum,* 625 F.3d 905, 919, quoted at Report, Doc. No. 277, PageID 1677-78.  The Report notes that the Sixth Circuit did not make a formal alternative holding on the merits and "may have regarded this portion of the opinion as dictum." *Id.* at PageID 1678.  In an abundance of caution, the Magistrate Judge treated this portion of the opinion as part of the law of the case and argued at some length that it was an incorrect reading of Ohio law. *Id.* at PageID 1678-81.

Petitioner's First Objection deals only with footnote 4, but the footnote and the accompanying text, quoted in full above, must be considered together; the footnote is not a separate conclusion about principal offenders under Ohio law.

Petitioner objects that "dictum 'constitutes neither the law of the case nor the stuff of binding precedent.'"  (Objections, Doc. No. 286, PageID 6948, quoting *Dedham Water v. Cumberland Farms Dairy*, 972 F.2d 453, 459 (1st Cir. 1992), and *United States ex rel Saginaw Chippewa Tribe v. Michigan,* 882 F. Supp. 659 (E.D. Mich. 1995).)  But there was no law of the case question presented in *Chippewa Tribe*.  Rather, that court decided to follow an oft-cited "precept" that was clearly dictum in the relevant Supreme Court case, *County of Yakima v. Confederated Tribes and Bands of  the Yakima Indian Nation*, 502 U.S. 251 (1992).  Thus the

3

*Chippewa Tribe* comment about dictum not being part of the law of the case is itself plainly dictum.

Petitioner also relies on *Perkins v. American Electric Power Fuel Supply, Inc.,* 91 Fed. Appx. 370, 2004 U.S. App. LEXIS 398 (6th Cir. 2004).  Although *Perkins* is not a published opinion of the Sixth Circuit, the court cited published precedent for a broader reading of the law of the case doctrine than defendant there contended for.  It held:

> [T]he mandate rule . . . requiring district courts on remand "to implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces" . . . *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir. 1994)(internal quotation marks omitted.) . . .
>
> Given its provenance, we think that the phrase "necessarily decided" as used in *Kavorkian* describes all issues that were "fully briefed and squarely decided" in an earlier appeal, 1B James Wm. Moore, *Moore's Federal Practice* P0.404[1], at II-5 (2d ed. 1996), *quoted in Hanover,* 105 F.3d at 312, rather than only those issues that the court of appeals was required to decide. It is significant, in this connection, that nearly all of our cases applying the mandate rule state that the rule covers issues "expressly or impliedly" -- not "necessarily" -- decided in a prior appeal. See, *e.g., United States v. O'Dell,* 320 F.3d 674, 679 (6th Cir. 2003); *Moored,* 38 F.3d at 1421; *Jones v. Lewis,* 957 F.2d 260, 262 (6th Cir), *cert. denied,* 506 U.S. 841, 121 L. Ed. 2d 80, 113 S. Ct. 125 (1992).

*Perkins* at *7-10.  *Perkins* does not suggest that this Court can ignore a considered portion of the appellate opinion on the claim in issue just because this Court concludes it is dictum, especially when it could have been an alternative holding.  The proper place of the trial court in the judicial hierarchy suggests we allow the Sixth Circuit to decide for itself whether the relevant portion of its prior opinion is dictum or not.

**Second Objection:  The Magistrate Judge Erred in Denying the Writ given that [sic] the Supreme Court Holdings in *Martinez v. Ryan* and *Trevino v. Thaler*. The Mandate Rule and the Doctrine of the Law of the Case Do Not Preclude the Granting of Relief.**

The Report noted the change in directly-applicable law by the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), but concluded this Court could not directly apply those cases to grant relief because their applicability to Ohio's regime for deciding ineffective assistance of trial counsel claims was uncertain. (Report, Doc. No. 277, PageID 1682.)

Petitioner's Objections were filed November 8, 2013.  At the end of December, the Sixth Circuit considered the applicability of *Trevino* to Ohio cases in *McGuire v. Warden*, 738 F.3d 741 (6th 2013), but concluded it was not clear:

> Thus, Ohio law suggests two different ways to look at *Trevino*. On the one hand, certain claims can for practical purposes only be brought in an initial-review collateral attack in a post-conviction petition. And *Trevino* recognized that a "meaningful opportunity to present a claim of ineffective assistance of trial counsel" includes "the need to expand the trial court record." 133 S. Ct. at 1921. Ohio courts recognize that claims requiring evidence outside the record may only be meaningfully litigated in post-conviction proceedings and may loosen ordinary res judicata principles in such cases: "although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record[,] . . . even when the issue of ineffective assistance of counsel was raised on direct appeal." *State v. Richmond*, 2012-Ohio-2511, No. 97616, 2012 WL 2047991, at *1 (Ohio Ct. App. 2012) (citing *State v. Smith*, 17 Ohio St. 3d 98, 17 Ohio B. 219, 477 N.E.2d 1128, 1131 n.1 (Ohio 1985)). Thus, in Ohio, if ineffective assistance cases are divided into two categories, one could argue that the category

requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.

On the other hand, in the "ordinary" case, "ineffective assistance of counsel at mitigation, just like ineffective assistance at trial, is an issue that can be brought on direct appeal," *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 212 (Ohio Ct. App. 1994) (collecting cases), with a constitutionally required appellate attorney, *see Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir. 2006) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)); *see also State v. Davis*, 119 Ohio St. 3d 422, 2008 Ohio 4608, 894 N.E.2d 1221, 1226 (Ohio 2008); Ohio R. App. P. 26(B). Indeed, such a claim was raised on McGuire's direct appeal, and was treated thoughtfully by the Supreme Court of Ohio on discretionary review, albeit as part of an ineffective assistance of appellate counsel claim. Arguably, then, the review of trial counsel ineffectiveness claims in Ohio is more "meaningful" than in Texas, because in Ohio there is "ordinarily" the availability of direct review with constitutionally required counsel, with the back-up of collateral attack where evidence outside the record is required. All of this shows that the application of *Trevino* to Ohio ineffective-assistance claims is neither obvious nor inevitable.

*McGuire* at 751-52. *See also Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013), holding *Martinez* does not permit ineffective assistance of counsel on post-conviction to excuse default on a claim of ineffective assistance of appellate counsel in Ohio, confirming the position taken on this point in the Report (Doc. No. 277 at PageID 1670.) Thus the applicability of *Martinez* and *Trevino* to Ohio post-conviction proceedings remains unclear.[1]

---

[1] The Magistrate Judge notes the recent decision in *Gunner v. Welch*, ___ F.3d ___, 2014 U.S. App. LEXIS 7203 (6th Cir. Apr. 17, 2014), in which the court held that failure of appellate counsel to tell a client when the appellate record was filed, triggering the 180 statute of limitations for filing a post-conviction petition in Ohio, constituted ineffective assistance of appellate counsel excusing a procedural default in failing to timely file a post-conviction petition to raise an ineffective assistance of trial counsel claim. In so holding, the court discussed *Martinez* and *Trevino* but had no occasion to determine their applicability to Ohio practice.

**Third Objection:  The Magistrate Judge Erred When He Determined That He Was Required to Adopt an Incorrect Interpretation of Ohio Law, O.R.C. 2929.04(A)(7).**

The Report concludes the Sixth Circuit's interpretation of Ohio's principal offender statute is incorrect and states the reasons for that conclusion at length. (Report, Doc. No. 277, PageID 1679-81.)  The Magistrate Judge did not adopt the Sixth Circuit's interpretation, but believed this Court:

> is obliged by the mandate rule and law of the case to accept what the appeals court says is the law. Having respectfully stated his disagreement, the Magistrate Judge believes he is bound by the law of the case doctrine to allow the Sixth Circuit ultimately to resolve this question.

*Id.*  at PageID 1679.  To put it another way, the Magistrate Judge did not adopt the Sixth Circuit's reading, but believed he was bound to obey it.  While a district court may be permitted or even required to disregard what it believes is an erroneous reading of the law by an appellate court, where that is the only way to avoid an injustice, this Court's final decision will undoubtedly be appealed.  If the Sixth Circuit persists in its reading of Ohio principal offender law, this Court will ultimately be powerless to do anything about it.

**Fourth Objection:  The Magistrate Judge Erred When He Did Not Grant Landrum Habeas Relief in the Form of a New Trial on His Coffenberger Claim.**

**Fifth Objection:  The Magistrate [Judge] Erred When He Did Not Grant Landrum Habeas Relief in the Form of a New Sentencing Hearing on His Coffenberger Claim.**

The Report concluded Landrum received ineffective assistance from post-conviction counsel which should, under *Martinez*, excuse his failure to raise the Coffenberger Claim in post-conviction. (Doc. No. 277, PageID 1671-74.)   The Report further concluded, as had the Magistrate Judge when this case was originally adjudicated, that the Coffenberger Claim has merit. *Id.* at PageID 1674-81.

Despite those conclusions, the Objections spend many pages arguing the merits of the Coffenberger Claim. (Objections, PageID 6954-6962.)  The Magistrate Judge is persuaded by those arguments, taken as a whole.  I would again recommend granting the writ on the same basis as I did before[2] if I did not believe this Court was bound by the law of the case doctrine to allow the Sixth Circuit to decide for itself whether its prior judgment should be reconsidered in light of *Martinez*.


April 18, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

---

[2] "Petitioner should be granted a conditional writ of habeas corpus commanding his  release from custody unless within 180 days from the entry of final judgment in this case on appeal, he is again convicted and sentenced to death at a trial at which the Coffenberger testimony is admitted in the guilt phase."  (Report and Recommendations, Doc. No. 205, PageID 726-27.)

8

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).